IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LEWIS-SMITH CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10cv786-WHA |
| | ) | |
| | ) | (wo) |
| CHATTAHOOCHEE BAY RAILROAD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This cause is before the court on a Motion for Partial Summary Judgment filed by the Defendant, Chattahoochee Bay Railroad, Inc. (Doc. #43).

The Plaintiff, Lewis-Smith Corporation, filed a Second Amended Complaint (Doc. #25), substituting Chattahoochee Bay Railroad, Inc. as the Defendant in this case. The Plaintiff brings claims of negligence and/or wantonness arising from damage to Plaintiff's property.

The Defendant filed its Motion for Partial Summary Judgment as to the Plaintiff's wantonness claim and punitive damages request, arguing that there is no evidence that it had prior notice of deficiencies or problems with the culvert which allegedly caused the damage at issue. The Defendant supported its motion with deposition testimony.

A district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather must consider the merits of the motion. *U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary


materials and must review all of the evidentiary materials submitted in support of the motion for summary judgment. *Id.* at 1101-02. Accordingly, the court will review the evidentiary materials presented by the Defendants in accordance with Rule 56 of the Federal Rules of Civil Procedure.

Under Rule 56, the party asking for summary judgment always bears the initial burden of presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).

In the instant case, the Defendant has met this burden. Once the moving party has met its burden, Rule 56(c) of the Federal Rules of Civil Procedure "requires the nonmoving party to go beyond the pleadings" and demonstrate that is a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324. If the adverse party does not respond, the court may grant summary judgment if the motion and supporting materials show that the movant is entitled to it. Fed. R. Civ. Pro. 56(e)(3).

The Plaintiff, Lewis-Smith, has not attempted to meet its burden under Rule 56, but has instead represented in response to the Defendant's motion that the state of the evidence developed during discovery would not support the allegation of wantonness nor an award of punitive damages. (Doc. #47). Further, the court has reviewed the evidentiary material submitted by the Defendant and finds no question of fact as to any material issue raised by the Defendant as a ground for partial summary judgment.

Accordingly, it is hereby ORDERED that the Motion for Partial Summary Judgment (Doc. #43) is GRANTED, and judgment is entered in favor of the Defendant and against the

Plaintiff on the claim for wantonness and the request for punitive damages.

Done this 17th day of February, 2012.

/s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE