IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LEWIS-SMITH CORPORATION, an Alabama Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.  1:10-CV-786-WHA (WO) |
| CHATTAHOOCHEE BAY RAILROAD, INC., et. al., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

This cause is before the court on Defendants's Motion to Exclude Meteorological Opinions of Plaintiff's Expert (Doc. # 65).  This motion alleges that the Plaintiff's expert, Thomas Destafney, a civil engineer, is not qualified to render an expert opinion as to the categorization of the rain event that struck Dothan, Alabama in March 28, 2009.  The Defendant contends that a determination of this rain event's categorization will be instrumental in determining the Defendant's liability as to Plaintiff's claims.  Accordingly, expert opinions as to the categorization of this rain event will be important to aid a jury in making its fact determination.

When faced with a challenge to an expert's qualification to express an opinion pursuant to Federal Rule of Evidence 702, this court must "act as a gatekeeper to insure that speculative and unreliable opinions do not reach the jury." *McClain v. Metabolife Intern., Inc.*, 401 F.3d 1233, 1237 (11th Cir. 2005) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S.

579, 589 n.7, 597 (1993)).  In order to determine the validity and appropriate scope of an expert witness's testimony, this court is bound by the *Daubert* standard.  *See Quiet Tech. v. Hurel–Dubois UK Ltd.*, 326 F.3d 1333, 1340–41 (11th Cir.2003).  When sitting as the "gatekeeper" for expert testimony, the Eleventh Circuit requires this court to determine whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Quiet Tech*, 326 F.3d at 1340–41.

The Defendant points to a number of different reasons as to why Destafney is unqualified to render his opinion that the 24-hour period for the March 28, 2009 rain event was only a 25-year return, "an intensity that would not typically overwhelm an 8' diameter culvert."  The first reason that the Defendant alleges is that Destafney is a civil engineer but admits that he is not an expert in meteorology.  He testified in his deposition that he had taken some courses as part of the requirement to get his amateur pilot's license, but he admitted that he is not a meteorologist, that he has never rendered an opinion specifically related to meteorology, that he is not trained to render analysis of weather events like the one that occurred on March 28, 2009, and that he does not plan to give any definitive opinions in regard to weather or meteorology.

The Defendant's second allegation is that Destafney lacked sufficient information to render a scientifically valid opinion.  More specifically, the Defendant did not know the actual duration of the rain event that befell Dothan on the day in question.  Instead of limiting his analysis to the relevant portion of March 28, 2009 for which the rain event actually occurred,

which appears to be a less than 24-hour time frame, Destafney considered the rainfall accumulation from the rain event over a 24-hour period.  As Destafney conceded in his deposition, the actual temporal length of a rain event is a critical factor in determining the categorization of that rain event.  The Defendant explains, and Destafney appears to concede, that the proper methodology for determining the categorization of a rain event is to compare the volume of the rainfall from the event in inches with the duration of the event.  Because Destafney relied on a 24-hour rainfall atlas instead of a 6-hour rainfall atlas, which the Defendant contends was appropriate, he reached the result that the March 28, 2009 storm was a 25-year storm instead of a 100-year storm.  The difference is considerable in that a 100-year rain event is one that is not expected to occur more than once every 100 years while a 25-year rain event is one that unsurprisingly is not expected to occur more than once every 25 years.  Essentially, the Defendant takes issue with the fact that Destafney knew that the duration of the rain event mattered in the determination of categorization, and yet he chose to rely on a 24-hour rainfall atlas instead of a more appropriate shorter duration rainfall atlas in forming his opinion.

  The Plaintiff contests this motion and raises two arguments in support of its position.  First, the Plaintiff argues that the reading of a rainfall atlas is something that requires no specialized training.  In other words, given the relevant pieces of information–the location of the rain, the length of time it rained, and the amount of rain that fell–any lay person could characterize a rain event.  The Plaintiff's second argument consists of two interconnected parts.  The first is that deposition testimony from some of Defendant's witnesses, who were engineers like Destafney, consisted of their opinions as to the characterization of the rain event.  The second part is that if those engineers are allowed to testify as to rain event categorization, then so

3

too should Destafney.  Having fully considered both the Defendant's and Plaintiff's arguments, this court will now turn to the three factor test from *Quiet Tech* in order to make its Rule 702 determination.

      Turning to the first factor from *Quiet Tech*, which concerns whether Destafney is qualified to testify competently about matters of meteorology, this court finds that Destafney is not.  By his own admission, he is not an expert in meteorology and has only minimal training in meteorology which he obtained while earning an amateur pilot's license.  Therefore, Destafney cannot meet this first factor.

      Turning to the second factor, which concerns whether Destafney's methodology is sufficiently reliable as to determining the categorization of the March 28, 2009 rain event, the court finds that, while Destafney appeared to follow common meteorological techniques for determining the categorization of the rain event, it appears that he utilized the wrong rainfall atlas in his analysis.  Destafney admitted in his deposition that in order to determine the categorization of the rain event he needed to know the amount of rainfall and the actual amount of time it was raining.  He did not look to see how long it actually rained but instead used a 24-hour period in his calculations.  The Defendant alleges that the period of rainfall is undisputedly six hours, but the Plaintiff argues that this time frame will be contested at trial.  However, it is undisputed that Destafney's deposition testimony explains that he knew that it did not rain the entire day, and therefore, his incorrect usage of a 24-hour period in his calculations prevents his methodology from meeting the reliability standard required by Rule 702.

      Lastly, turning to the third factor, which concerns whether Destafney's testimony will assist the trier of fact in understanding the categorization of the March 28, 2009 rain event

through the use of his specialized expertise or scientific knowledge, the court finds that Destafney's particular expertise and scientific knowledge will not assist the trier of fact. Destafney appears qualified to discuss matters touching civil engineering, but he can provide nothing more than a lay person's opinion as to the rain event. All Destafney did was select a rainfall atlas, look up the 24-hour rainfall total for March 28, 2009, and then locate Dothan, Alabama on the atlas to characterize the March 28, 2009 rain event. While it may be true that the selection of the appropriate criteria–rain duration and total rain fall–requires some meteorological specialization, the reading of a rainfall atlas given those criteria requires no specialized skill. In other words, Destafney's reading of a rainfall atlas is something that any member of the jury is capable of doing. In the absence of any meteorological training or expertise, Destafney's categorization of the rain event does not assist the trier of fact in categorizing it.

Because Destafney does not meet the standard set forth by the Eleventh Circuit in *Quiet Tech*, this court finds that he lacks the qualifications to provide expert testimony in the field of meteorology. Accordingly, Destafney is barred from offering expert testimony as to the categorization of the March 28, 2009 rain event that struck Dothan, Alabama.[1]

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Defendant's Motion to Exclude Meteorological Opinions of Plaintiff's Expert is GRANTED.

---

[1] This court notes that other similarly situated engineers, that is those without any meteorological training, would be similarly barred from offering expert opinions as to the categorization of the March 28, 2009 rain event.

Done this 5th day of April, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
UNITED STATES DISTRICT JUDGE